IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:11cv641-WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

**I.   INTRODUCTION**

Plaintiff, David James, applied for Supplemental Security Income benefits under XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-83c. His application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision in which he found Plaintiff not disabled from the alleged onset date. The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c),

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 9); Def.'s Consent to Jurisdiction (Doc. 10). Based on the court's review of the record and the briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.     ADMINISTRATIVE PROCEEDINGS

Plaintiff was nineteen years old at the time of the hearing before the ALJ. Tr. 20. Plaintiff was in the eleventh grade, in special education classes, and had past relevant work experience as a "lobby person" at McDonald's. Tr. 22. Following the administrative hearing, and employing the five-step process, the ALJ noted that Plaintiff had received child SSI benefits, but that his application for adult disability was rejected in April 2009. (Step 1) Tr. 17. At Step 2, the ALJ found that Plaintiff has had the following severe impairment: "mild mental retardation." *Id*. The ALJ then found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (Step 3) *Id*. Next, the ALJ found that Plaintiff "has had the residual functional capacity to perform medium work . . . except with avoidance of hazards, heights and machinery." Tr. 19. The ALJ then found that Plaintiff is able to perform his past relevant work as a "lobby person." (Step 4) Tr. 22. The ALJ next found that, "[c]onsidering the claimant's age, education, work experience, and [RFC]," and after consulting with a vocational expert, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 23. Accordingly, the ALJ determined that Plaintiff's "disability ended on April 7, 2009," and he "has not become disabled again since that date." *Id*.

## IV. PLAINTIFF'S CLAIMS

Plaintiff presents two issues for this Court's consideration in review of the ALJ's decision: (1) whether the ALJ failed to properly evaluate Plaintiff pursuant to Listing 12.05(d); and (2) whether the ALJ properly rejected Plaintiff and his mother's testimony regarding Plaintiff's mental impairments.  *See* Pl.'s Br. (Doc. 13).[5]

## V. DISCUSSION

### *A.  Whether the ALJ failed to properly evaluate Plaintiff pursuant to Listing 12.05(d).*

Plaintiff argues that the record supports his claim that he meets the listing for mental retardation under Listing 12.05(D).  In relevant part, listing 12.05 reads:

> 12.05 Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22. The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied:
>
> . . .
>
> D. A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following: (1) Marked restriction of activities of daily living; or (2) Marked difficulties in maintaining social functioning; or (3) Marked difficulties in maintaining concentration, persistence, or pace; or (4) Repeated episodes of decompensation, each of extended duration.

*See* 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.00, 12.05D.  Plaintiff argues that "**the only**

---

[5] Plaintiff couches his second claim in slightly different terms, but this court's wording of his claim and analysis are based on the arguments set forth in Plaintiff's Brief.

**perceived rationale as to why each subsection of D was not met was because, 'Dr. George noted claimant has shown improvement in his verbal skills.'** This rationale fails to provide substantial support of his step three funding[sic] and lacks a proper understanding of the objective testing performed and referred to by Dr. George." Pl.'s Br. (Doc. 13) at 6 (emphasis in original).

If Plaintiff's assessment of the ALJ's decision were correct, his argument might prevail. However, the ALJ's determination that Plaintiff did not meet the listing does not rest on Dr. George's opinion of Plaintiff's verbal skills alone. Rather, the ALJ spends a good deal of his decision discussing Plaintiff's mental retardation claim and Plaintiff's adaptive functioning skills. The portion of the decision to which Plaintiff points is merely a section where the ALJ cursorily announces his findings. The ALJ details those findings a few pages later. The court need not recount them here, but starting on page 20 of the record and continuing to page 22, the ALJ discusses Plaintiff's mental retardation claim in terms of daily living, social functioning, maintaining concentration, persistence, or pace, and episodes of decompensation. That the ALJ makes more specific findings on the section (D) factors a few pages after announcing his decision does not constitute error. It may simply be the ALJ's attempt at an economy of words. Regardless, the ALJ makes clear section (D) findings that this court can review. Plaintiff does not challenge these specific findings and the court's review reveals them to be without error. Accordingly, the court finds this claim to be without merit.

### B.   Whether the ALJ properly rejected Plaintiff's and His Mother's Testimony Regarding Plaintiff's Mental Impairments.

Here, Plaintiff states that the ALJ "completely failed to discuss any testimony given by Mr. James at the hearing.  The ALJ also failed to discuss testimony given by his mother, Robin Narbon." Pl.'s Br. (Doc. 13) at 7.  Plaintiff argues that this is reversible error because the ALj failed to "to provide specific rationale for rejecting the claimant's testimony." *Id*. at 8.

Here again, Plaintiff's arguments are without merit.  The ALJ did discuss Plaintiff's and his mother's testimony, specifically noting Plaintiff's mother's testimony that she did not think Plaintiff could work, that Plaintiff needed constant supervision, and that he could not read well, as well as Plaintiff's testimony that he watched television all day.  Tr. 20.  The ALJ also specifically stated that he found Plaintiff's complaints to be incredible to the extent inconsistent with the RFC.  *Id*.   The ALJ then went on to discuss the medical evidence in support of his RFC determination, which outlines the inconsistencies between the RFC and Plaintiff's and his mother's testimony.  Plaintiff does not attack the ALJ's findings because here merely argued that the ALJ failed to articulate any findings.

After reviewing the record, he court finds that the ALJ met the requirement that he clearly articulate adequate reasons for discrediting Plaintiff's allegations of disabling symptoms and those findings are supported by substantial evidence.  *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).   Accordingly, this court will not disturb the ALJ's

findings.[6]

## VI.   CONCLUSION

The Court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED.  A separate judgment will issue.

Done this 15th day of August, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

[6] Moreover, Plaintiff's argument that "[t]he ALJ also improperly surmised that the claimants [sic] credibility is questionable because monetary gain is at stake," is without merit. Pl.'s Brief (Doc. 13) at 7.  *See Willimon v. Astrue*, 2010 WL 1252152, at *6 (M.D. Fla. Mar. 26, 2010) (holding that the ALJ's "observation that Plaintiff was motivated to present himself as more limited by a desire to achieve secondary gain was a proper consideration" in assessing credibility); *Pitts v. Astrue*, 2008 WL 5246047, at *5 (N.D. Cal. Dec. 11, 2008) (holding that the ALJ "reasonably found" Plaintiff's "desire to seek benefits for monetary gain" as a basis for rejecting Plaintiff's subjective testimony).